The Honorable Bill Abernathy State Representative 1309 Texas St. Mena, AR 71953-7818
Dear Representative Abernathy:
I am writing in response to your request for an opinion about the propriety of a proposed salary arrangement between Mount Ida's mayor and the Montgomery County Regional Public Water Authority. You note that Mayor Childress sits on the water authority's board of directors, as required by the water authority's bylaws. You further note that the by-laws prohibit board members from being compensated, but the water authority is considering amending the by-laws to permit compensating Childress. With this background, in mind you ask: "[A]re there any legal or ethical concerns with the acting mayor sitting on said board and drawing a salary?"
RESPONSE
If the water authority is a "Public Water Authority," governed by A.C.A. §§ 4-35-201 et seq., it cannot compensate the mayor because these statutes prohibit compensating board members. A.C.A. § 4-35-204(f) (Supp. 2007) ("A member of the board of a water authority shall serve without compensation. . .") T h e Montgomery County Regional Public Water Authority appears to be a "public water authority."[1] Assuming that is the case, the Montgomery County Regional *Page 2 
Public Water Authority lacks authority to amend its by-laws to compensate the mayor, in my opinion.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] The Arkansas Secretary of State's website indicates that the Montgomery County Regional Public Water Authority is "filed under" the "Domestic Public Water Authority; [Act] 115 of 2001." That act is codified at A.C.A. §§ 4-35-201 et seq. The "filing type" is listed as "Public Water Authority." *Page 1